Great American Tea Company, Appellant, *v.* McCabe et al.

Argued October 22, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

574 

*Lisle D. McCall,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY HENDERSON, J., December 13, 1928:

One of the defendants was employed as a salesman by the plaintiff company. The latter required him to give a bond of surety to insure the faithful discharge of his duty. The bond was given March 16, 1926. Mc-Cabe worked for the company at different places, and in the spring of 1927 was located at Philipsburg in Centre County. After he had been there about six weeks a dispute arose between him and a district supervisor, or agent, of the plaintiff with respect to his account, the latter claiming that there was a shortage of about $149. McCabe was charged with merchandise he received from the plaintiff and credited with the proceeds of sales made by him at the store of which he had charge. He denied that there was anything due the plaintiff; one of the items disputed by him being a double charge for merchandise shipped. The evidence relates to an account extending over several weeks, and involves the inquiry whether all the merchandise charged to the defendant were received by him or not, as well as some other questions as to the accuracy of the plaintiff's account. On an application to open the judgment to permit the defendant to show the actual condition of the account, the court on hearing made the rule absolute. We fail to find good reason for reversing that action. The obligation of the appellees was not for the undefined payments of money at a particular time, the liability was conditional; the enforcement of the obligation by entering a judgment on the warrant of attorney attached to the bond shut the door against the defendants to correct any mistake that may have existed with respect to the charge made

against the salesman and the credits given him unless that can be done in the manner resorted to in this proceeding.

We affirm the action of the court at the cost of the appellant.

Note—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.